UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACKSON-BEAR GROUP, INC., a Florida
corporation doing business as ACE PRESS,

Plaintiff,

-vs-                                                                                         Case No.  2:10-cv-332-FtM-29SPC

AMIR AMIRJAZIL, an individual, EDEN US
CORPORATION, a District of Columbia
corporation doing business as ACE PRESS &
PRINTING & COPYING MAILING, VARIOUS
JOHN DOES, JANE DOES, ABC COMPANIES,

Defendants.
_____

## ORDER

This matter comes before the Court on Defendants' Motion to Stay Discovery Pending Ruling on Defendants Amir Amirjazil and Eden US Corporation's Motion to Dismiss (Doc. #24) filed on February 8, 2011.  Plaintiff filed a response in opposition (Doc. #25) on February 21, 2011. The Motion is now ripe for review.

Defendants Amir Amirjazil and Eden US Corporation move to stay discovery in this case pending ruling on their Motion to Dismiss (Doc. #8), which was filed on August 25, 2010.  The Defendants cite to Chadsuma v Mazda Corporation, 123 F.3d 1353, 1367 (11th Cir. 1997), for the general proposition that discovery should be stayed until a pending motion to dismiss is resolved. Chadsuma states: "[f]acial challenges based on the failure to state a claim for relief, should, however, be resolved before discovery begins. Id. at 1368.  However, Chadsuma does not stand for the proposition that all discovery should be stayed pending a decision on a motion to dismiss. Koock v.

Sugar & Felsenthal, LLP, 2009 WL 2579307 * 2 (M.D. Fla. August 19, 2009). "Instead, Chadsuma and its progeny stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." Id. (citing In re Winn Dixie Stores, Inc., 2007 WL 1877887 *1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. Koock, 2009 WL 2579307 at *2 (citing McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted)). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." McCabe, 233 F.R.D. at 685 (citation and internal quotation marks omitted).

Before issuing a stay the Court must take a look at the Motion to Dismiss to determine the likelihood of its success. The Defendant's Motion to Dismiss argues that this Court lacks personal jurisdiction over these Defendants. Specifically, these Defendants argue that neither personal jurisdiction nor specific personal jurisdiction exists under Florida's Long Arm Statute, and the Defendants further argue that even assuming that personal jurisdiction exists under Florida's Long Arm Statute, personal jurisdiction cannot be exercised because it would be in violation of the Due Process Clause of the 14th Amendment.

The Court has reviewed the Motion to Dismiss and concludes that the Defendants have raised meritorious challenges to the Complaint. Whether the Complaint can withstand the challenges is a matter for the consideration of the District Court. However, upon consideration of the facts of this case, it appears the Defendants have met their burden and have shown good cause for entry of an

order staying discovery for at least a period of sixty (60) days. The Parties may petition the Court for further relief at the end of that time frame if the Motion to Dismiss is still pending.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Stay Discovery Pending Ruling on Defendants' Motion to Dismiss (Doc. #24) is **GRANTED**. This case is stayed until **April 23, 2011** as to Defendants Amir Amirjazil and Eden US Corporation **ONLY**.

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of February, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record